# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:04cv199

| | | |
|---|---|---|
| RODERICK MURRY WILLIAMS, and | ) | |
| TORONDA LILJE WILLIAMS; | ) | |
| MITCHELL LEVON DAWKINS, JR., and | ) | |
| CHARLOTTE WILSON DAWKINS; | ) | |
| COLEY HOMER LOVELACE, and | ) | |
| JUDY K. LOVELACE; and ALL OTHER | ) | |
| PERSONS SIMILARLY SITUATED, | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| VS. | ) | |
| | ) | |
| CHASE MANHATTAN MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiffs' timely filed

objections to the Memorandum and Recommendation of United States

Magistrate Judge Dennis L. Howell.  Pursuant to 28 U.S.C. § 636(b)(1)(B),

the undersigned referred the Defendant's motion to dismiss to the Magistrate

Judge for a recommendation as to disposition.  Judge Howell recommended

granting Defendant's Motion to Dismiss, denying Plaintiffs' Motion to Amend

and Add Additional Parties, and denying as moot Defendant's Motion to Stay Plaintiffs' motion. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the undersigned affirms the rulings of the Magistrate Judge. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72.**

## I. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)**. If proper objections are made, a district court reviews the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, the court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72. Advisory Committee note).**

Defendant Chase Manhattan Mortgage Corporation ("Defendant") has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), asserting Plaintiffs' have failed to state a claim upon which relief can be granted. In considering a motion under Rule 12(b)(6), the Court "assumes the truth of all facts alleged in the complaint," and views those facts in a light most favorable to the Plaintiffs. **Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp**, 213 F.3d 175, 180 (4th Cir. 2000) The Court need not, however, "accept the legal conclusions drawn from the facts," nor must the Court "accept as true unwarranted inferences, unreasonable conclusions, or arguments." **Id.** Furthermore, courts do not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." **Veney v. Wyche**, 293 F.3d 726, 730 (4th Cir. 2002). Finally, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." **Neitzke v. Williams**, 490 U.S. 319, 327 (1989) (**citing Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

## II.  STATEMENT OF FACTS

Plaintiffs, the Williams, Dawkins, and Lovelaces, are three couples who are seeking or have sought relief under Chapter 13 of the Bankruptcy Code. **Complaint ¶¶ 1, 7, 8, 9.**  Each couple has a residential mortgage loan secured by a deed of trust that is serviced by the Defendant.  *Id.,* **¶¶ 11, 34, 54.**  Plaintiffs allege that certain actions taken by Defendant during or after their bankruptcy proceedings violate Bankruptcy Rule 2016, §§ 362(a), 506(b), 524, 1322(b)(5), and 1327 of the Bankruptcy Code, 11 U.S.C. 101 *et. seq.*, and also allege claims for breach of contract, unjust enrichment, conversion, and declaratory relief under North Carolina state law.  *Id.,* **¶¶ 80-99.**

The Williams Plaintiffs filed for bankruptcy when they were in arrears two monthly mortgage payments.  *Id., ¶ 12.*  The Williams proposed to cure their arrears through their Chapter 13 plan and to continue making their regular monthly mortgage payments outside of the plan.  *Id., ¶ 13.* Defendant subsequently filed a motion for relief from the automatic stay, to which the Williams objected, alleging the Williams were in arrears for post-petition mortgage payments.  *Id., ¶¶ 15, 16.*  Defendant's motion was

resolved by a consent order in which, among other things, Defendant agreed to accept $600.00 in legal fees for costs associated with the motion for relief from stay. *Id.,* ¶¶ **18, 19.** During this same period of time, the Williams' attorney requested information from Defendant which included a "Qualified Written Request" pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. *Id.,* ¶ **17.** The information received from the Defendant included a "Payoff/Demand Statement," which the Williams allege includes amounts "incurred during or before [the Williams'] bankruptcy case and that Chase never disclosed or obtained approval to assess or collect . . . from the Bankruptcy Court." *Id.,* ¶ **25;** *see also*, ¶¶ **23, 24, 26-33.** The Williams claim the "Payoff/Demand Statement" is an attempt to collect fees in violation of the Bankruptcy Code and North Carolina state law.

Like the Willliams, the Dawkins Plaintiffs filed for bankruptcy when they were in arrears two monthly mortgage payments and proposed to cure their arrears through their Chapter 13 plan and by continuing to make their regular monthly mortgage payments outside of the Chapter 13 plan. *Id.,* ¶¶ **35, 36.** The Dawkins completed their Chapter 13 plan, and were discharged on April 14, 2004. *Id.,* ¶ **42.** The Dawkins filed a motion for entry of an order

declaring their mortgage loan current in the Bankruptcy Court on April 3, 2004, eleven days prior to discharge, but the Defendant's response to the motion was not filed until April 22, 2004, eight days after discharge. *Id.,* ¶¶ **39, 40, 42.** The Bankruptcy Court, after receiving the Defendant's response, granted the Dawkins' motion. *Id.,* ¶ **41.** Approximately 43 days after the Dawkins were discharged from bankruptcy, Defendant assessed $250.00 in charges to the Dawkins account for attorney's fees incurred in filing the response to the Dawkins' motion. *Id.,* ¶ **46; Exhibit B, *attached to* Complaint.** The Dawkins paid the fee "under protest," and allege that Defendant's collection of this amount violated various provisions of the Bankruptcy Code and North Carolina state law. *Id.,* ¶ **53.**

The Lovelace Plaintiffs believed they were current on their mortgage payments when they filed for bankruptcy, but subsequently fell into arrears on post-petition mortgage payments. *Id.,* ¶¶ **55, 57.** Defendant filed a motion for relief from the automatic stay, to which the Lovelaces objected, and the dispute was resolved by a consent order. *Id.,* ¶¶ **57-59.** As part of the consent order, Defendant agreed to accept $600.00 for legal fees incurred as a result of filing the motion for relief from the automatic stay. *Id.,* ¶ **60.** At

some point the Lovelaces' attorney requested information from Defendant regarding the Lovelaces' account. The Defendant complied by providing a "Payoff Statement" that included "bankruptcy attorneys fees/costs," all or part of which the Lovelaces claim "were not disclosed to or approved by the Bankruptcy Court." *Id.,* ¶¶ **62-63.** The Lovelaces allege that the "Payoff Statement" constitutes an attempt by Defendant to collect fees in violation of various provisions of the Bankruptcy Code and North Carolina state law.

## III. DISCUSSION

Plaintiffs "object to all of the enumerated Findings of Fact and Conclusions of Law by the Magistrate Judge and request that the Court conduct *de novo* review pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72." **Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge ["Plaintiffs' Objections"], filed March 21, 2005, at 1.** As the authorities cited by Plaintiffs direct, however, Plaintiffs are required to make *specific* objections to the Magistrate Judge's Memorandum and Recommendation. *See* **Fed. R. Civ. P. 72(b) ("a party may serve and file** ***specific*, written objections to the proposed findings and recommendations."**

**(emphasis added)).** Therefore, Plaintiffs' general objection to every finding of fact and conclusion of law made by the Magistrate Judge is given no weight, and only those portions of the Memorandum and Recommendation to which Plaintiffs' made a specific objection have been accorded *de novo* review.

## A. Plaintiffs' First Enumerated Objection

Plaintiffs' first objection encompasses four separate objections: (1) The Magistrate Judge failed to accept certain factual allegations as true which he was required to accept as true at this stage; (2) The Magistrate Judge took judicial notice of materials without notice to Plaintiffs; (3) The Magistrate Judge, by considering matters outside the complaint, converted the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56 without affording Plaintiffs the proper procedural protections; and (4) The Magistrate Judge used an improper standard of review when evaluating the Plaintiffs' claim for breach of contract. **Plaintiffs' Objections, at 2-9.**

**1. The Magistrate Judge's Treatment of Certain Factual Allegations**

Plaintiffs claim the Magistrate Judge improperly failed to accept as true allegations contained in the complaint. These facts are summarized as follows: (1) Defendant, by sending a "demand for payment," attempted to collect fees for legal work from the Williams, which "violate[d] the parties' agreement and the bankruptcy court order;" (2) Defendant demanded, and the Dawkins paid, "legal fees for work done by Chase's lawyers during the Bankruptcy case," and (3) Defendant, by sending a "demand for payment," attempt[ed] to collect fees for legal work from the Lovelaces, which "violate[d] the parties' agreement and the bankruptcy court order." **Plaintiffs' Objections, at 3-5.**

As to both the Williams and Lovelaces, Plaintiffs confuse the Court's responsibility regarding facts and conclusions. **See Eastern Shore Mkts., supra ("The court assumes the truth of all facts alleged in the complaint," but need not "accept the legal conclusions drawn from the facts.").** The Magistrate Judge did accept the factual allegations as true that the parties agreed to an amount of legal fees, and that the Defendant assessed an amount to the Plaintiffs' account in excess of the agreed upon total. The

Magistrate Judge did not accept that the "demand for payment" sent by Defendant to Plaintiffs' counsel, and at counsel's request, constituted an attempt to collect the assessed fees as alleged in the complaint, and was not required to do so. Moreover, Plaintiffs admit that the issue of whether the "demand for payment" constituted an attempt to collect the assessed fees is a legal conclusion. Thus, the Magistrate Judge was not bound by the allegations of the complaint. **Plaintiffs' Objections, at 15 ("This conclusion of law. . ."); *see also, Eastern Shore Mkts., Inc.*, *supra*.**

As to the Dawkins, the allegations in the Complaint and the exhibits attached thereto allege (1) the "Dawkins received their Chapter 13 discharge on April 14, 2004;" (2) "On April 22, 2004 Chase filed a Response to the Motion for Entry of an Order Declaring Mortgage Loan Current;" and (3) "the $250.00 'Miscellaneous Fees' [assessed to the Dawkins' account] were for attorney fees Defendant incurred in filing the Response to the Dawkins Motion for Entry of an Order Declaring Mortgage Loan Current." **Complaint, ¶¶ 40, 42, 46.** In other words, Plaintiffs' own factual allegations make clear that the fee assessed to the Dawkins' account was for legal fees involved with a

proceeding that occurred eight days after the Dawkins received a discharge from bankruptcy.

Additionally, the Dawkins argue that "Chase's factual assertion, apparently accepted by the Magistrate Judge [] that the fees were assessed after the bankruptcy case was over may not be considered as true for the purposes of the Motion to Dismiss." **Plaintiffs' Objections, at 4.** While it is true that, at this stage, a contention by Defendant that the fees were assessed after the bankruptcy case was over may not be considered as true, the Magistrate Judge did not have to rely on any contention by the Defendant. Rather, Plaintiffs' own exhibit shows that the disputed fee was assessed to the Dawkins' account on May 27, 2004 - some 43 days after the Dawkins' received their discharge from bankruptcy. **Complaint, ¶ 42; Exhibit B.**

For the foregoing reasons, Plaintiffs' objection regarding the Magistrate Judge's failure to accept as true certain allegations of the complaint is without merit.

**2. The Magistrate Judge's Taking of Judicial Notice**

Plaintiffs' also claim the Magistrate Judge erred by "taking judicial

notice of materials outside the record without notice to the parties." **Plaintiffs'**

**Objections, at 2.** Plaintiffs' make no further argument in support of this

position. Plaintiffs' do not argue that those matters of which the Magistrate

Judge took judicial notice were not susceptible to judicial notice, although in

their conclusion Plaintiffs' request "an opportunity to be heard on any matters

that may be subject to 'judicial notice.'" **Id., at 19.** Rather, Plaintiffs' only

objection is that the Magistrate Judge provided no prior notice to the parties.

Federal Rule of Evidence 201 governs judicial notice and states, "[i]n

the absence of prior notification, the request [to be heard as to the propriety of

taking judicial notice and the tenor of the matter noticed] may be made after

judicial notice has been taken." **Fed. R. Civ. P. 201(e).** Thus, the Court was

not required to notify the parties beforehand that it would take judicial notice

of particular matters. Rather, the issue is whether Plaintiff may now be heard

as to the propriety of judicial notice.

Plaintiffs' claim for a hearing regarding judicial notice is unnecessary.

The Magistrate Judge took judicial notice of "the filings in this district's

bankruptcy court as to each plaintiff." **Memorandum and Recommendation,**

**at 3.** A reading of the Memorandum and Recommendation shows that the

Magistrate Judge relied upon the bankruptcy records, not for the truth or

falsity of their contents, but rather for the dates on which certain occurrences

took place. As other courts have noted:

> There is a 'very crucial distinction between taking judicial notice of
> the fact that an entity has filed a document in the case, or in a
> related case, on a given date, i.e. the *existence* thereof, and the
> taking of judicial notice of the truth or falsity of the *contents* of
> any such document for the purpose of making a finding of fact.'

*Manix Energy Ltd. v. James (In re James)*, 300 B.R. 890, 895 (Bankr. W.D.

Tex. 2003) (*quoting In re Earl*, 140 B.R. 728, 731 n.2 (Bankr. N.D. Ind.

1992)) (emphasis in original) (denying defendant's request for a hearing

regarding the propriety of taking judicial notice of the dates on which certain

documents were filed in a related case). Plaintiffs' complaint relied heavily

on the dates of certain occurrences within the Bankruptcy Court, and the

Magistrate Judge merely took note of the dates of other such occurrences.

*See, e.g.*, Complaint, ¶¶ 7, 8, 9, 15, 17, 18, 19, 33, 39, 40, 42, 57, 58,

59, and 60. No hearing is required in this instance. *Manix*, 300 B.R. at

895, 897.

The Court took notice "that page 222 of the <u>2004 North Carolina Legal Directory</u> (which is the official directory of the North Carolina State Bar) reflects that such number [704-487-0619, which was the number to which a particular document was faxed] is counsel for plaintiffs' office fax number." **Memorandum and Recommendation, at 6.**

In essence then, the Magistrate Judge took judicial notice of Plaintiffs' counsel's facsimile number. Although the Magistrate Judge chose to take judicial notice of the facsimile number by reference to an outside source - the *2004 North Carolina Legal Directory* - he was not required to do so. Plaintiffs' had previously represented to the Magistrate Judge that their counsel's facsimile number was "704-487-0619." ***See, e.g.*, Plaintiffs' Unopposed Motion to Extend Time to Respond to Defendant's Motion to Dismiss and to Extend Reply Deadline, filed December 2, 2004, at 2 ("O. Max Gardner III . . . Fax: 704-487-0619"); *see also,* Plaintiffs' Objections, at 23 (representing to this Court "O. Max Gardner III . . . 704-487-0619 (f)").** The Magistrate Judge was entitled to rely on representations made by the Plaintiffs to the Court. Furthermore, a hearing before this Court on the propriety of accepting the Plaintiffs' representations to the Court would

amount to judicial waste, especially in light of Plaintiffs' concession that the disputed document was in fact received by Plaintiffs' counsel rather than by Plaintiffs. **See, Plaintiffs' Objections,** *supra***, at 3, 14, 15, 17.**

**3. Conversion of Defendant's Rule 12(b)(6) motion into a Rule 56 motion**

In a somewhat convoluted argument, Plaintiffs' claim the Magistrate Judge went "beyond the four corners of the complaint thus converting the motion to one under [Federal Rule of Civil Procedure] Rule 56." ***Id.,* at 6.** More specifically, Plaintiffs object to the Magistrate Judge's consideration of: (1) "Loan contracts for Plaintiffs Dawkins and Lovelace;" (2) "The origin and receipt of a faxed document at issue;" and (3) "Bankruptcy Court Records." ***Id.***, at 6-7.

In considering a motion to dismiss under Rule 12(b)(6), the Court does not generally consider matters outside the complaint. ***Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).** However, as the First Circuit noted in *Watterson*, "courts have made narrow exceptions for documents the authenticity of which is not disputed by the parties; for official public records;

for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." ***Id., at 3.***[1]  Additionally, this Court has previously approved, in appropriate circumstances, of taking judicial notice of both the record in the instant case and the record in any underlying litigation without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56.  ***See, French v. Chosin Few, Inc.*, 173 F.Supp.2d 451, 456-57 (W.D.N.C. 2001), *aff'd,* 60 Fed. Appx. 942 (4th Cir. 2003).**  With this framework in mind, the Court will address each item to which the Plaintiffs object.

### a. Loan Contracts for Plaintiffs Dawkins and Lovelace

Plaintiffs allege they are homeowners who have a residential mortgage loan secured by a Deed of Trust - a contract - that is serviced by Defendant. **Complaint, ¶¶ 11, 54.**  Plaintiffs also allege breach of those contracts by Defendant.  ***Id.,* ¶¶ 94-97.**  The contracts between Defendant and Plaintiffs

---

[1]This language was cited with approval by the Fourth Circuit in *Game World, Inc. v. Olhausen Billiard Mfg., Inc.*, 49 Fed. Appx. 434, 437 (4th Cir. 2002).  This Court is aware of the Fourth Circuit's disfavoring of citation to the Court's unpublished opinions.  However, where an issue is material and no published opinion would serve as well, citation to the unpublished opinion is warranted.  **4th Cir. R. 36(c).**

Dawkins and Lovelace are both "central to plaintiff's claim" and "sufficiently referred to in the complaint." ***Watterson*, *supra*.**  Therefore, the Magistrate Judge's consideration of these documents did not convert Defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56.

### b. The Origin and Receipt of a Faxed Document at Issue

Plaintiffs also object to the Magistrate Judge's consideration of "the origin and receipt of a faxed document at issue."  **Plaintiffs' Objection at p. 7.** However, Plaintiffs alleged in their complaint that the document, a "Payoff/Demand Statement," originated from Defendant.  **Complaint, ¶ 23.** Since the allegation stems from the complaint, the Court was entitled to consider the document referenced therein without converting the motion into one for summary judgment under Rule 56.

Likewise, the Plaintiffs' objection regarding "receipt" of the faxed document at issue is also without merit.  As previously discussed, Plaintiffs' represented their counsel's facsimile number to be "704-487-0619" in documents filed with the Magistrate Judge and this Court.  ***See* Part A.2,** *supra*.  That the Magistrate Judge decided to rely on an outside source rather

than Plaintiffs' representations to the court of the very same information did not convert Defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56.[2]

### c. Bankruptcy Court Records

In Plaintiffs' last objection regarding this topic, they claim that the Magistrate Judge's consideration of Plaintiffs' bankruptcy records converted Defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56. **Plaintiffs' Objections, at 7.** Plaintiffs' complaint is comprised of 99 numbered paragraphs. No less than 33 of those paragraphs relate to the timing or content of various motions and proceedings in the underlying bankruptcy actions. Plaintiffs also specifically relied on matters occurring in, and orders entered in, the bankruptcy proceedings when attempting to state a claim for violation of 11 U.S.C. § 506(b) and Bankruptcy Rule 2016, 11 U.S.C. §§ 1322(b)(5) and 1327, 11 U.S.C. § 362(a), 11 U.S.C. § 524, and breach of contract. ***Id., ¶¶ 81-84, 97.*** The

---

[2]It is also noted that Plaintiffs admit in their objections that their counsel, rather than Plaintiffs, received the document in question. **Plaintiffs' Objections, at 3, 5, 14-17.**

records in Plaintiffs' bankruptcy actions are clearly documents central to their claims, documents sufficiently referred to in the complaint, official public records, and are the records of the underlying litigation. **Watterson, supra; French, supra.** As such, the Magistrate Judge's consideration of Plaintiffs' bankruptcy records did not convert Defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56, and Plaintiffs' objection is without merit.

**B. Plaintiffs' Second Enumerated Objection**

Plaintiffs' second objection is that "[t]he Plaintiffs' claims that Chase has breached various provisions of the bankruptcy law and court orders cannot be dismissed. A cause of action exists under the bankruptcy law." **Plaintiffs' Objections, at 9.** This is, essentially, a general statement of Plaintiffs' litigation position and of disagreement with the Magistrate Judge's recommendation regarding Plaintiffs' claims under the Bankruptcy Code. Although Plaintiffs apparently attempt to encompass all of their claims in this statement without specifically objecting to them or disclosing why they are objecting, Plaintiffs' discussion of the objection goes only to (1) the Dawkins'

purported claims under 11 U.S.C. §§ 362(a) and 506 and (2) the use of 11

U.S.C. § 105 to remedy purported violations of the Bankruptcy Code.

**Plaintiffs' Objections, at 9-14.**  Additionally, Plaintiffs cannot, as they have

attempted to do here, make a *specific* objection to the Magistrate Judge's

Memorandum and Recommendation as required by Federal Rule of Civil

Procedure 72(b) by merely directing the Court to arguments made in

documents filed with the Magistrate Judge.  ***See id., at 13-14.***   General

statements of disagreement and direction to outside documents are not

objections – certainly not *specific* objections as required by Rule 72(b) – and

this Court will therefore give *de novo* review only to the two issues, identified

above, to which the Plaintiffs have made a specific objection.

### 1. Plaintiff Dawkins' Purported Claims Under 11 U.S.C. §§ 362(a) and 506

#### a. 11 U.S.C. § 362(a)

The Magistrate Judge concluded that the Dawkins failed to state a claim

upon which relief can be granted under 11 U.S.C. § 362(a).  The Dawkins

argue that Defendant's collection of the $250.00 attorney's fee, incurred in

conjunction with Defendant's filing a Response to the Motion for Entry of an

Order Declaring Mortgage Loan Current violates § 362(a) of the Bankruptcy Code.

Section 362 governs the automatic stay in a bankruptcy proceeding, which prohibits certain actions from occurring while the stay is in effect. **11 U.S.C. § 362.** The automatic stay terminates, among other ways, when the debtor is discharged from bankruptcy. **11 U.S.C. § 362(c);** ***see also Odom v. Columbia Univ.*, 906 F. Supp. 188, 195 (S.D.N.Y. 1995).** The factual allegations of the Dawkins' complaint, as well as the exhibits attached thereto, make clear that the fee complained of was incurred in connection with an event that took place eight days after the Dawkins received their discharge from bankruptcy, and was not assessed to the Dawkins' account until 43 days after the Dawkins received their discharge from bankruptcy. **Complaint, ¶¶ 40, 42, 46, and Exhibit B.** As such, and as the Magistrate Judge concluded, "[a]s a matter of law, there could be no automatic stay at such point making

violation of Section 362(a) a legal impossibility."[3]  **Memorandum and**

**Recommendation, at 9.**  The Dawkins' objection is without merit.


### b. 11 U.S.C. § 506(b)

The Dawkins also object to the Magistrate Judge's determination that no

claim was stated under 11 U.S.C. § 506(b), which governs the right of an

over-secured creditor to recover, among other things, attorney's fees.

**Plaintiffs' Objections, at 11-14.**  The Dawkins argue that all attorney's fees

associated with a bankruptcy case, regardless of when incurred or assessed,

require court approval under § 506(b).  They also claim that because

Defendant did not submit the $250.00 attorney's fee to the bankruptcy court

for approval, it has violated 11 U.S.C. § 506(b).

---

[3] The Dawkins also argue, in regards to § 362, that the Magistrate Judge erred in asserting that Bankruptcy Judge Wooten's "Order Denying Sanctions and Continuing Automatic Stay" operated as collateral estoppel against them. **Memorandum and Recommendation, at 10; Plaintiffs' Objections, at 10.**  As this determination was not necessary to the Magistrate Judge's recommendation regarding the Dawkins' 11 U.S.C. § 362 claim – in fact, the remark regarding collateral estoppel appears in the Magistrate Judge's address of the Williams and Lovelaces' § 362 claim rather than the Dawkins' claim – nor to this Court's review of that recommendation, the issue of whether the Magistrate Judge was correct in asserting that the Order acted as collateral estoppel is not reached.

As the Magistrate Judge correctly stated, 11 U.S.C. § 506 applies only to pre-confirmation attorney's fees. **Memorandum and Recommendation, at 7-8;** *Rake v. Wade*, **508 U.S. 464, 468 (1993);** *Telfair v. First Union Mortgage Corp.*, **216 F.3d 1333, 1338-39 (11th Cir. 2000),** *cert. denied*, **531 U.S. 1073 (2001);** *Henthorn v. GMAC Mortg. Corp. (In re Henthorn)*, **127 Fed. Appx. 15, 16-17 (3d Cir. 2005);** *Harris v. First Union Mortg. Corp. (In re Harris)*, **2002 Bankr. LEXIS 771 at \*14-17 (Bankr. S.D. Ala. 2002);** *In re Araujo*, **277 B.R. 166 (Bankr. D.R.I. 2002);** *In re Shaffer*, **287 B.R. 898, 900 (Bankr. S.D. Ohio 2002);** *Colby v. Colby (In re Colby)*, **2000 BNH 33, 2000 Bankr. LEXIS 1814 (Bankr. D.N.H. 2000);** *In re Lichty*, **251 B.R. 76 (Bankr. D. Neb. 2000).** The fee at issue in this case was assessed long after the Dawkins had been *discharged* from their bankruptcy, and nearly four and a half years after confirmation of the Dawkins' bankruptcy plan. Defendant could not have violated § 506(b).

The Dawkins cited a host of cases purportedly supporting the position that the fee was subject to § 506(b). **See Plaintiffs' Objections, at 12-13**. However, none of these cases concern the issue of whether post-confirmation attorney's fees are subject to § 506(b). Instead, the cases deal with issues

such as the reasonableness of a *debtor's* attorney's fee, and allowance of "proof of claim" fees. **See In re Beverly Mfg. Corp.**, **841 F.2d 365, 369 (11th Cir. 1988) (Plaintiffs' Objections, at 13);** *In re Hart*, **80 B.R. 107 (Bankr. E.D. Tenn. 1987) (Plaintiffs' Objections, at 13).** The fact that a bankruptcy court determines the reasonableness of these types of fees while the proceeding is pending has no bearing on whether an over-secured creditor must comply with 11 U.S.C. § 506 in seeking post-confirmation attorney's fees. In light of the numerous cases cited *infra* holding § 506 does not apply to post-confirmation attorney's fees, the Dawkins' objection on this point is without merit.

### 2. 11 U.S.C. § 105

Plaintiffs' next object to the Magistrate Judge's determination that none of the Plaintiffs could state a claim under 11 U.S.C. §§ 1322(b)(5) and 1327 because, among other reasons, those sections do not provide for a private right of action. **Memorandum and Recommendation, at 8-9, 12.** Plaintiffs argue that 11 U.S.C. §105 provides a mechanism for relief irrespective of

whether §§ 1322(b)(5) or 1327 specifically provide for a private right of action. **Plaintiffs' Objections, at 14.**

The Magistrate Judge recommended dismissal of Plaintiffs' claims under 11 U.S.C. §§ 1322(b)(5) and 1327 for failure to state a claim upon which relief may be granted and, alternatively, because no private right of action exists under these Bankruptcy Code sections. **Memorandum and Recommendation, at 8-9, 12.** Plaintiffs object only to the Magistrate Judge's conclusion regarding lack of a private right of action, leaving untouched the alternative grounds for dismissal of these claims. This Court agrees that no private right of action exists under 11 U.S.C. §§ 1322 or 1327, even when considered in light of 11 U.S.C. § 105. *See Pertuso v. Ford Motor Credit Co.*, **233 F.3d 417, 423 (6th Cir. 2000) ("The 'provisions of this title' [as used in 11 U.S.C. § 105] simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them." (***quoting Kelvin Publ'g, Inc. v. Avon Printing Co., Inc.***, 1995 WL 734481 at \*4 (6th Cir. 1995));** *Smith v. Keycorp Mortg., Inc.*, **151 B.R. 870, 875-876 (N.D. Ill.1993) (specifically rejecting a claim that § 1322 could be combined with § 105 to create a private right of action);** *Guetling v. Household Fin. Servs., Inc.*, **312 B.R.**

**699, 703 (M.D. Fla. 2004) (specifically rejecting the argument that § 1327**

**could be combined with § 105 to create a private right of action).**

## C. Plaintiffs' Third Enumerated Objection

Plaintiffs' third objection is that the Magistrate Judge incorrectly

concluded that a repayment demand mailed to counsel for the Williams and

Lovelaces was not an attempt to collect money in violation of the Bankruptcy

Code. **Plaintiffs' Objections, at 15.**

Plaintiffs cite *Mann v. Chase Manhattan Mortg. Corp.*, 316 F.3d 1 (1st

Cir. 2003), in support of their argument that the demand letter is an attempt

to collect fees in violation of the Bankruptcy Code. Plaintiffs rely on that

court's broad, generalized statement that communication of the amount of

accrued fees to the debtor, the bankruptcy court, the debtor's other creditors,

or any third party *may* violate § 362 of the Bankruptcy Code, which governs

the automatic stay. *Id.*, at 3.

While the Plaintiffs' are correct in their technical recitation of the court's

language, this sweeping statement must be considered in light of the purposes

of 11 U.S.C. § 362. Section 362 serves two primary purposes, namely

"deterring creditors from jockeying for advantage," and preventing harassment

of debtors.  ***Id.; Chase Manhattan Mortg. Corp. v. Padgett*, 268 B.R. 309,**

**314 (S.D. Fla. 2001).**  Plaintiffs' complaint, the exhibits attached thereto,

and the other matters properly subject to consideration by this Court do not

show an attempt by the Defendant to jockey for advantage among other

creditors, or an effort to harass the Williams or Lovelaces.  Rather, the

communication was sent directly to the  Plaintiffs' attorney and only after a

request for such information was made by the Plaintiffs' attorney.  No other

direct, unsolicited communication to the Plaintiffs by the Defendant is alleged.

Thus, the conduct is not the type of conduct that was intended to, or that

does, violate the Bankruptcy Code.

Plaintiffs also rely on *In re Crudup*, 287 B.R. 358 (Bankr. E.D.N.C.

2002), citing the case as establishing that a "letter sent to third parties rather

than to the debtor was nevertheless an attempt to collect a debt."  **Plaintiffs'**

**Objections, at 16.**  It is true that the *Crudup* case involved a letter sent to a

third party which the court found to violate § 362.  ***Crudup*, 287 B.R. at**

**359-361.**  However, in that case it was the contents of the communication

which the court considered to violate the Bankruptcy Code. As the court summarized:

> Mr. Donovan [the creditor] sent an undated letter to [the debtor's] wife and her parents that details [debtor's] history with Mr. Donovan and others, and threatens that Mr. Donovan will 'blanket Fayetteville with this information.' . . . Mr. Donovan's letter to [debtor's wife] describes the scheme that he contends [debtor] operates . . . identifies other 'victims,' and explains what Mr. Donovan's continuing efforts [at collection] will involve.

*Id.,* **at 359.** The court quoted directly from the creditor's letter, which included the statement that, "[i]n another two years [the debtor] will again regret not settling with me now so that he (and you his shop partner) can move on with their life." *Id.,* **at 360.** The court correctly concluded that a letter of this nature, containing "threats of future acts and a way to make [the creditor] cease his efforts, that is, to pay him the $17,500 that he last offered to accept," was clearly "an attempt to collect the debt owed [by the debtor] . . . [which] violates both purposes behind the automatic stay: it harasses and threatens the debtor, and it seeks to put [the creditor] ahead of other creditors in the distribution of assets." *Id.,* **at 361, 363.** In short, *Crudup* bears no factual relation to this case, and in no way establishes the broad proposition

that any communication sent to a third party is automatically an attempt to collect a debt in violation of the Bankruptcy Code.

The instant case is instead more in line with *In re Smith*, 299 B.R. 687 (Bankr. S.D. Ga. 2003), relied upon by the Magistrate Judge, in which the court rejected the plaintiff's argument that communication of the amount of attorney's fees assessed to plaintiff-debtor's account constituted a violation of § 362. Plaintiffs attempted to dismiss the *Smith* case because "no demand letter for payment of the fees was sent to the debtor's attorney [in *Smith*]." **Plaintiffs' Objections, at 17.** Yet, the court in *Smith* plainly states that "[Creditor] notified [Debtor] that he was under an obligation to pay the attorney fees in question and that interest would accrue on those fees until paid." ***In re Smith*, 299 B.R. at 693.** Whether a "demand letter" or some other means was used to accomplish this communication is a distinction without a difference. This is especially true where, as here, the Defendant communicated only with Plaintiffs' attorney and only at Plaintiffs' attorney's request instead of, as appears to have been the case in *Smith*, communicating directly with the debtor without provocation.

Thus, the Magistrate Judge did not err in recommending that, as a matter of law, the Defendant's sending of a "demand statement" directly to Plaintiffs' attorney and only at Plaintiffs' attorney's request did not amount to an attempt to collect fees in violation of the Bankruptcy Code.

## D. Plaintiffs' Fourth Enumerated Objection

The Magistrate Judge recommended dismissal of Plaintiffs' state-law claims for unjust enrichment, conversion and declaratory judgment for failure to state a claim upon which relief can be granted, irrespective of whether those claims were preempted by the Bankruptcy Code. **Memorandum and Recommendation, at 14-16.** While Plaintiffs claim the Magistrate Judge found these claims preempted, they object to the recommendation they failed to state claims. Thus, the issue of whether the Bankruptcy Code preempts Plaintiffs' purported claims for conversion, unjust enrichment, and declaratory judgment need not be determined.

Plaintiffs did, however, object to the recommendation that they failed to state a breach of contract claim.

**1. Failure to State a Claim Upon Which Relief Can be Granted**

Plaintiffs' complaint does not disclose which Plaintiff is making a claim for breach of contract, which contract was allegedly breached in regards to which Plaintiff, nor what conduct allegedly resulted in a breach of which contract in regards to which Plaintiff.  *See* **Complaint, ¶¶ 94-97.**  Plaintiffs' Brief in Response to Defendant's Motion to Dismiss argues only that the Williams and Lovelaces are claiming breach of contract, and only in regards to Consent Orders entered by the Bankruptcy Court.  *See* **Plaintiffs' Brief in Response to Defendant's Motion to Dismiss, filed January 7, 2005, at 26.** Yet, Plaintiffs argue in their Objections that Defendant breached both the Consent Orders and the Deeds of Trust executed by Plaintiffs and Defendant. *See* **Plaintiffs' Objections, at 7-9.**  Regardless, Plaintiffs have failed to state a claim for breach of contract, and their objection to the Magistrate Judge's recommendation regarding the breach of contract claim is without merit.

### a. Consent Orders[4]

Defendant filed a Motion for Relief from Stay during the bankruptcy proceedings of the Williams and Lovelaces after these Plaintiffs fell into arrears for post-petition mortgage payments. **Complaint, ¶¶ 15, 57.** These motions were resolved by Consent Orders which provided, in part, for settlement of legal fees incurred by Defendant in filing the motions. *Id.,* **¶¶ 18, 19, 59, 60.** In turn, Plaintiffs were required, *inter alia*, to cure their remaining post-petition mortgage arrears and make all of their mortgage payments on time.

The Consent Orders established the amount of reimbursement for legal fees which the Defendant was contractually entitled to *receive*. Plaintiffs have not paid and Defendant has not received an amount in excess of the sum agreed to in the Consent Orders, and as such the Consent Orders have not

---

[4]Defendant has argued that the Consent Orders entered in bankruptcy court cannot serve as the basis for a breach of contract action because, as orders of the court, a purported breach is punishable only by contempt of court. **See Defendant's Reply Memorandum of Law in Support of Its Motion to Dismiss Class Action Complaint, filed November 19, 2004, at 18.** While this is true for domestic relations consent orders, in non-domestic cases a consent order may also serve as the basis for a breach of contract action. **See Jones v. Jones, 144 N.C. App. 595, 598-99, 548 S.E.2d 565, 567 (2001); see also, Ibele v. Tate, 163 N.C. App. 779, 781, 594 S.E.2d 793, 795 (2004).**

been breached. The Consent Orders do not, for example, prohibit the Defendant from tracking or assessing the actual costs involved so that in the event the Plaintiffs breached the Orders and Defendant was no longer bound by them, both Defendant and Plaintiffs would know the full extent of attorney's fees involved and possibly recoverable. **See Millis Constr. Co. v. Fairfield Sapphire Valley, Inc.**, 86 N.C. App. 506, 511, 358 S.E.2d 566, 570 (1987) (discussing the relationship between parties to a breached contract); *Thomas v. Anderson*, 1994 U.S. App. LEXIS 26800 (4th Cir. Sept. 23, 1994) (discussing a breach of contract claim based on a consent agreement under North Carolina law).[5] Until the Defendant has actually accepted an amount in excess of the sum agreed to in the Consent Orders, those Orders have not been breached.

### b. Deeds of Trust

Plaintiffs make three objections regarding the Magistrate Judge's conclusion that Plaintiffs' failed to state a claim for breach of contract in

---

[5]See footnote 1, *supra,* regarding 4th Cir. R. 36(c), which allows citation to unpublished decisions of the Fourth Circuit where an issue is material and no published opinion would serve as well.

relation to the Deeds of Trust.  Specifically, Plaintiffs' argue the Magistrate Judge erred because the charges allowed by the Deeds of Trust "are limited to paying 'reasonable attorney's fees,'" "there is no factual record on which [the Magistrate Judge] can conclude that there was 'notice to the borrower' prior to disbursement of the sums for which it asserts a right to be paid," and "the Magistrate Judge [cannot] properly conclude that the underlying proceeding 'materially affects Lender's Interest in Property' absent a factual record." **Plaintiffs' Objections, at 8, n.5**.  These objections will each be addressed in turn.

### c. 'Reasonable Attorney's Fees'

Plaintiffs' first argue that attorney's fees under the applicable Deeds of Trust are limited to "reasonable attorney's fees," and that "it can[not] be 'reasonable' to charge attorneys fees in an amount that exceeds an express agreement to pay fees and a Court Order memorializing that agreement." ***Id*.**, **at 8.**  Plaintiffs' breach of contract claim in regards to the Deeds of Trust is premised on a breach of the Consent Orders.  As previously discussed,

however, Defendant has not breached the Consent Orders.  Plaintiffs'
objection is therefore without merit.


### d. 'Notice to the Borrower'

In a footnote to their breach of contract argument in Plaintiffs'
Objections, Plaintiffs' argue "there is no factual record on which [the
Magistrate Judge] can conclude that there was 'notice to the borrower' prior to
disbursement of the sums for which it asserts a right to be paid."  **Plaintiffs'
Objections, at 8 n.5.**  First, Plaintiffs fail to note that only one of the
agreements – the one executed by Defendant and the Williams – actually
contains such "notice" language.  **See Williams Deed of Trust, at 2, ¶ 7.**
Neither the Lovelaces' nor the Dawkins' agreements contains a "notice"
requirement in the applicable paragraph.  **See Dawkins Security Agreement,
at 3, ¶ 7; Lovelace Security Agreement, at 7-8, ¶ 9**.  Any objection by these
Plaintiffs regarding lack of notice is therefore without merit.

As to the Williams Plaintiffs, Defendant has not collected an amount in
excess of the sum agreed to in the Consent Order.  Moreover, nothing in the
Deed of Trust prohibits Defendant from tracking or assessing the actual

amount spent on attorney's fees due to Plaintiff's bankruptcy so long as the amount is not collected. Therefore, whether compliance occurred as to notice is irrelevant.

Additionally, even if 'failure to give notice' were controlling in this case, the Williams failed to comply with the Federal Rules of Civil Procedure in asserting such an argument. The failure to give notice would, in this instance, be the failure of a condition precedent to collecting the incurred attorney's fees from the Williams. *See **Majchrowski v. Norwest Mortg., Inc.***, **6 F. Supp. 2d 946, 967 (N.D. Ill. 1998).** Federal Rule of Civil Procedure 9(c) requires the failure of a condition precedent to be asserted with specificity, which was not done in this case. **Fed. R. Civ. P. 9(c) ("(C) Conditions Precedent. . . . A denial of performance or occurrence shall be made specifically and with particularity.")**. Plaintiffs' objection on this issue is without merit.

### e. 'Materially Affects Lender's Interest in Property'

Plaintiffs' final objection, again in a footnote, regarding the Deeds of Trust is that "the Magistrate Judge [cannot] properly conclude that the underlying proceeding 'materially affects Lender's Interest in Property' absent

a factual record." **Plaintiffs' Objections, at 8 n.5.** This objection is also without merit.

The language quoted by Plaintiffs comes from a paragraph in the parties' agreements regarding the Defendant's protection of its rights in the property. Plaintiffs fail to notice, however, the alternative phrasing of the applicable paragraphs. The occurrence of an underlying proceeding that materially affects the Defendant's interest in the property is but one way the Defendant's rights under this paragraph can be triggered. Defendant has the same rights "[i]f borrower fails to perform the covenants and agreements contained in this Deed of Trust." **Williams Deed of Trust, at 2, ¶ 7; *see also* Dawkins Security Agreement, at 3, ¶ 7 ("If Borrower fails to perform the covenants and agreements contained in this security Instrument,. . ."); Lovelace Security Agreement, at 7, ¶ 9 ("If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument . . .").** Plaintiffs, in each agreement, covenant that they will properly make their mortgage payments each month. ***See* Lovelace Security Agreement, at 1, ¶ 1; Dawkins Security Agreement, at 2, ¶ 1; Williams Deed of Trust, at 2, ¶ 1**. Plaintiffs failed to perform this covenant. ***See* Complaint, ¶ 12 (the Williams**

**in arrears on mortgage payments), ¶ 35 (the Dawkins in arrears on mortgage payments), ¶ 57 (the Lovelaces in arrears on mortgage payments).** Plaintiffs' failure to perform the covenants contained in their agreements with Defendant triggered Defendant's rights under the applicable paragraphs of the agreements regardless of whether there was any underlying proceeding which materially affected Defendant's interest in the property. Plaintiffs' objection is without merit.

### 2. Preemption

Plaintiffs, in regard to their breach of contract claim, have failed to state a claim for which relief can be granted. Therefore, whether this claim is preempted by the Bankruptcy Code is irrelevant, and the objection regarding preemption is therefore denied as moot.

### E. Plaintiffs' Motion to Amend and Add Additional Parties

Finally, Plaintiffs' Motion to Amend and Add Additional Parties is denied. Although Federal Rule of Civil Procedure 15(a), which governs amendments, is liberally construed, futility of the amendment is grounds for

denial.  ***See Ward Electronics Serv., Inc. v. First Commercial Bank***, **819 F.2d 496, 497 (4ᵗʰ Cir. 1987)***.*  Plaintiffs' argument for adding the additional party, the Sipes, is essentially that the factual circumstances of the Sipes will bolster the claims of Williams, Lovelaces, and Dawkins, and therefore prevent dismissal.  However, the claims in this case are dependent on the individual factual circumstances of each Plaintiff, and Plaintiffs cannot simply adopt the Sipes' factual circumstances as their own in an attempt to avoid dismissal.  In this case, where the current Plaintiffs have failed to state claims and the proposed additional party will not remedy the situation, the proposed amendment is futile and the Motion to Amend Class Action Complaint and to Add New Plaintiffs is therefore denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss is hereby **GRANTED**, Plaintiffs' Motion to Amend and Add Additional Parties is **DENIED**, and Defendant's Motion to Stay is **DENIED** as **MOOT**.  A Judgment is filed herewith dismissing this action.

**Signed: October 11, 2005**

Lacy H. Thornburg
United States District Judge